ORDERED in the Southern District of Florida on September 12, 2007.



Steven H. Friedman, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

| | |
|---|---|
| IN RE: | Case No. 05-36556-BKC-SHF |
| BRITTAN M. MOORE, | Chapter 7 Proceeding |
| _____Debtor._____/ | |
| DEBORAH C. MENOTTE, Trustee, | Adv. Pro. No. 06-1345-BKC-SHF-A |
| Plaintiff, | |
| vs. | |
| BRITTAN M. MOORE, | |
| _____Defendant._____/ | |

## MEMORANDUM OPINION

**THIS CAUSE** came before the Court for trial on March 8, 2007 on the Complaint Objecting to Discharge (C.P. 1), filed by Deborah C. Menotte, chapter 7 trustee. The Court, having considered the testimony of the witnesses, the documentary evidence presented by the parties, the candor and

demeanor of the witnesses, the underlying pleadings, and being otherwise fully advised in the premises, finds that the trustee has failed to carry her burden of proof as to the denial of the debtor's discharge. Accordingly, a Discharge of Debtor shall be issued in favor of Brittan M. Moore.

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C §§ 1334(b) and 157(b)(2)(J). This is a core proceeding pursuant to 28 U.S.C. § 157(b). The following constitutes the Court's findings of fact and conclusions of law following a trial conducted pursuant to Fed. R. Civ. P. 52, as made applicable to these proceedings by Fed. R. Bankr. P. 7052.

## FINDINGS OF FACT

The debtor, Brittan Moore ("defendant"), filed a voluntary chapter 7 petition on October 12, 2005. Contemporaneously, Deborah C. Menotte was appointed chapter 7 trustee ("plaintiff"), and she continues to serve in that capacity. On March 14, 2005, the plaintiff conducted a Bankruptcy Rule 2004 examination of the defendant, wherein the plaintiff learned, through the testimony of the defendant, that the defendant had purchased a 1998 Ford Explorer for $5,500.00 in February 2005, which she subsequently sold in August 2005 for $4,000.00. This sale was not disclosed by the defendant in her bankruptcy schedules or Statement of Financial Affairs ("SOFA"). The defendant further testified that in August 2005 she assumed the obligation of a one-year lease for a 2001 Jeep Liberty. Debrina Woods, an acquaintance of the defendant, was the named lessee on the lease agreement. The lease transaction similarly was not disclosed on the defendant's bankruptcy schedules or SOFA.

At the Bankruptcy Rule 2004 examination, the plaintiff questioned the defendant regarding a divorce judgment providing for a division of assets between the defendant and her ex-husband. The

2

defendant acknowledged that she had sold an engagement ring in January 2005 for $12,000. Additionally, the defendant testified that she sold a Tag Heuer watch for $500 in September 2005. Neither of these transfers, nor the disposition of proceeds emanating from the sale of these assets, was disclosed on the defendant's schedules or SOFA. Also, the defendant testified that, in March 2005, she paid $1,500 to Debrina Woods to obtain a certification as a specialized paint applicator. This payment was not listed in the defendant's schedules or SOFA.

Subsequent to the Bankruptcy Rule 2004 examination, defendant amended her schedules and SOFA to include all of the above-mentioned transfers, with the exception of the purchase of the 1998 Ford Explorer. The plaintiff has sought documentation relating to all of the transfers and alleges that documentation has not been produced to date. As a result of the various transfers and the alleged failure to produce documentation explaining the disposition of assets, the plaintiff seeks to bar the issuance of the defendant's discharge, pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(3), 727(a)(4)(A) and § 727(a)(5).

At trial, defendant testified that she is college-educated and is self-employed as a painter. Prior to her self-employment, defendant worked as a painter for her ex-husband's company, RW Molding and Design. She terminated her employment with RW Molding and Design in October 2004 when she left her husband. Defendant contends that, during the course of her marriage, her ex-husband was abusive and threatened her, had her followed, and withheld money belonging to her from the sale of a previous home. She also testified that when she left her husband, she vacated the apartment which they shared, with nothing but her clothing and her jewelry.

The defendant represented that in November and December 2004, she was living in a make-shift apartment in a garage, and that she was working odd painting jobs as they became available.

3

After living in the garage apartment, the defendant testified that she moved into a trailer with Debrina Woods, who was assisting her to become a specialized painter. It was during this time that the defendant paid Debrina Woods $1,500 for a certification that would enable her to utilize a unique paint application process provided by or licensed under the name "Innovative Coatings Worldwide 2005" in her work (Pl. Ex. 29 - pg. 14).

The defendant also testified that she sold her engagement ring in February or March 2005, because she had no money and needed to pay her rental and other daily living expenses. She acknowledged the other transfers of property raised by the plaintiff including: (1) the sale of the 1998 Ford Explorer in August 2005 for $4,000, (2) the lease of the 2001 Jeep Liberty in August 2005 for $4,000, and (3) the sale of the Tag Heuer watch in September 2005 for $500.00. Defendant contends that she did not realize that these transactions were relevant to her bankruptcy since she no longer had possession of these assets. She also claims that she did not understand that the sale of her engagement ring in February 2005 would affect her subsequent bankruptcy filing. Defendant stated that she was unaware, when filling out her bankruptcy schedules, of the meaning of a "transfer of property". Specifically, she contended that she understood the term "transfer" as pertaining to a transfer of real property and that "selling" a personal belonging was not a transfer. The defendant claims to have had no intent to defraud creditors and was simply attempting to get back on her feet and pay her daily living expenses by selling certain of her personal possessions.

### I. § 727(a)(2(A)- FRAUDULENT TRANSFER OF ASSETS

The plaintiff contends that the defendant willfully and intentionally effected the other aforementioned transfers and concealment of transfers resulting in the violation of Section 727 (a)(2)(A). There is no dispute that the transfers at issue, in fact, did occur. Therefore, the only remaining

question is whether these transfers were made with the requisite intent to hinder, delay or defraud a creditor of the estate.   Section 727 (a)(2)(A) provides:

> (a) The court shall grant the debtor a discharge, unless-
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-
> (A) property of the debtor, within one year before the date of filing of the petition.

Under § 727(a)(2)(A), an objection to discharge will be sustained if the objecting party alleges and proves the following elements: (1) the debtor transferred, removed, destroyed, mutilated, or concealed property; (2) belonging to the estate; (3) within one year of filing the petition; and (4) with the intent to hinder, delay or defraud a creditor of the estate. *Marine Midland Bank, N.A. v. Mollon,* 160 B.R. 860, 864 (M.D. Fla. 1993); *Citrus & Chem. Bank v. Floyd (In re Floyd),* 322 B.R. 205, 209 (Bankr.M.D. Fla. 2005); *Shappell's Inc. v. Perry (In re Perry),* 252 B.R. 541, 547 (Bankr.M.D. Fla. 2000). The party alleging intent to defraud under § 727(a)(2)(A) bears the burden of demonstrating actual fraudulent intent; constructive intent is insufficient. *Equitable Bank v. Miller (In re Miller),* 39 F.3d 301, 306 (11th Cir. 1994). Courts should consider a debtor's whole pattern of conduct when determining whether the debtor acted with intent to defraud. *Citrus & Chem. Bank v. Floyd (In re Floyd),* 322 B.R. 205, 209 (Bankr.M.D. Fla. 2005). It is not necessary for a debtor's conduct to reach the level of fraud. *Ameritrust Nat'l Bank v. Davidson (In re Davidson),* 178 B.R. 544, 550 (S.D. Fla. 1995). Instead, there must be a showing that, at the time of the transfer, the debtor intended to hinder or the delay the creditor. *Id.*

Based upon the record, the Court finds that the plaintiff has failed to demonstrate that defendant had the requisite fraudulent intent under § 727(a)(2)(A). The evidence adduced at trial is

simply insufficient to establish this element. The Court finds the testimony of defendant to be credible and finds her account of the situation to be reasonable under the circumstances. Defendant believed herself to be in a desperate situation and utilized the assets that she had without intent to defraud her creditors or knowledge that it was contrary to bankruptcy laws. As such, when considering the defendant's whole pattern of conduct and the circumstances surrounding the transfers of property at the time of the transfers as well as the subsequent alleged concealment, the Court determines that the defendant did not act with intent to defraud.

## II. § 727(a)(3)- FAILURE TO KEEP OR PRESERVE FINANCIAL RECORDS

Section 727(a)(3) of the Bankruptcy Code requires that the court deny discharge to the debtor who:

> has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure was justified under all of the circumstances of the case.

The principle concern of Section 727(a)(3) is to provide creditors and the bankruptcy court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to a discharge. *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3d Cir. 1992)(citing 4 Collier on Bankruptcy ¶727-03[1] (15th ed. 1979)). The statute further ensures that the trustee and creditors are supplied with dependable information on which they can rely in tracing a debtor's financial history for a reasonable time period. *Id.*; *see also In re Juzwiak*, 89 F.3d 424, 427 (7th Cir. 1996).

In support of her claim for relief under Section 727(a)(3), the plaintiff alleges that the defendant failed to preserve or maintain adequate records from which the defendant's financial

6

condition may be ascertained (Compl. ¶31). The plaintiff specifically alleges that the defendant has failed to produce documentation evidencing the disposition of approximately $12,000 in sale proceeds derived from the sale of the defendant's engagement ring as well as documentation regarding the disposition of the other assets relating to the transfers not disclosed on the defendant's bankruptcy schedules. Additionally, the plaintiff claims that there exists insufficient recorded information from which to ascertain the defendant's financial condition, based upon the fact that the defendant owes creditors in excess of $108,000 without documentation to memorialize the disposition of the assets to support her obligations (Compl. ¶32).

In order to establish a prima facie cause of action under Section 727(a)(3), the plaintiff must show (1) that the defendant failed to keep or preserve adequate records, and (2) that such failure makes it impossible to ascertain the defendant's financial condition and material business transactions. *Pereira v. Young (In re Young)*, 346 B.R. 597, 608 (Bankr. E.D.N.Y. 2006). All that is required of a debtor is that his or her financial condition and transactions may be discerned for a reasonable period of time in the past. *In re Bendetti*, 131 Fed. Appx. 224, 225 (11th Cir. 2005). Additionally, courts have full discretion to excuse the failure to keep or preserve records when presented with justifiable circumstances. *Id.*

Whether a debtor's failure to retain records was justified must be determined in light of all the circumstances of the case. *Christy v. Kowalski (In re Kowalski)*, 316 B.R. 596, 603 (Bankr. E.D.N.Y. 2004). A "combination of factors including the debtor's personal situation and circumstances beyond the debtor's control" may lead to justification for a failure to keep or preserve records. *Ochs v. Nemes (In re Nemes)*, 323 B.R. 316, 327 (Bankr. E.D.N.Y. 2005).

The defendant testified that she left an abusive marriage in October 2004 with only her clothing and the jewelry she was wearing. Furthermore, the defendant testified that any financial documentation that she had kept up was currently in the custody of her ex-husband who refuses to comply with her requests that the documentation be made available to her. The defendant has provided the bank statements that indicate when the proceeds from the sale of the engagement ring were deposited and subsequently withdrawn (Pl. Ex. 19). The defendant has also provided a receipt evidencing the sale of the Ford Explorer (Pl. Ex. 27). The missing documentation sought by plaintiff pertains primarily to the manner in which defendant utilized those funds. The defendant testified that she does not have any further documentation because she lived on the proceeds, utilizing same for rent, groceries, and other necessities, without keeping receipts. Based upon the circumstances surrounding the defendant's personal situation, and the record *sub judice,* the Court is satisfied that the defendant has produced sufficient documentation from which her financial condition may be ascertained. The focus of § 727(a)(3) is to preclude debtors who destroy or hide their records from being relieved of their obligations. The plaintiff presented no evidence to suggest that the defendant destroyed or secreted any records. The plaintiff thus has failed to meet her burden under § 727(a)(3).

### III § 727(a)(4)(a)-FALSE OATH OR ACCOUNT

A debtor will be denied a discharge pursuant to § 727(a)(4) if he knowingly and fraudulently made a false oath or account. *Sperling v. Hoflund (In re Hoflund)*, 163 B.R. 879 (Bankr.N.D.Fla. 1993). To prevail in an action under § 727(a)(4), a plaintiff must establish the following elements by a preponderance of the evidence: **(1)** the debtor made a statement under oath; **(2)** that statement was false; **(3)** the debtor knew the statement was false; **(4)** the debtor made the statement with fraudulent intent; and **(5)** the statement related materially to the bankruptcy case. *Chalik v.*

*Moorefield*, 748 F.2d 616 (11th Cir. 1984); *Stone vs. Bosse*, 200 B.R. 419 (Bankr. S.D. Fla. 1996). Deliberate omissions from schedules or the statement of financial affairs may also constitute false oaths or accounts. *Swicegood v. Ginn*, 924 F.2d 230, 232 (11th Cir. 1991); *Chalik*, 758 F.2d at 618.

For a false oath to be considered material, it must be demonstrated that it "bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *Chalik*, 758 F.2d at 618. Additionally, the false oath or account must be made with the requisite intent, specifically a knowing intent to defraud creditors. *Swicegood*, 924 F.2d at 232.

After a thorough review of the record, the Court finds that defendant's discharge should not be denied under § 727(a)(4). Similar to the Section 727 (a)(2)(A) findings, the Court does not find that any misstatements or omissions made by defendant in connection with her bankruptcy were made with the requisite intent to defraud creditors. Defendant maintains that she genuinely believed that her schedules were accurate when filed (Pl. Ex. 1). Defendant did, in fact, amend her schedules upon the realization that the subject transfers of property were relevant to her bankruptcy (Pl. Ex. 3). Additionally, it does not appear that Defendant has attempted to conceal these transactions, considering that her testimony at her Bankruptcy Rule 2004 examination, and again at trial, remained consistent. As such, the plaintiff has not met her burden by a preponderance of the evidence that the defendant knowingly and fraudulently made a false oath or account in connection with her bankruptcy schedules. *Grogan v. Garner*, 111 S. Ct. 654, 498 U. S. 279, 112 L.Ed.2d 755 (1991).

## IV § 727(a)(5)- FAILURE TO EXPLAIN THE LOSS OF ASSETS

Section 727(a)(5) requires the bankruptcy court to deny a discharge to any debtor who has failed to explain satisfactorily a loss or deficiency of assets to meet the debtor's liabilities. 11 U.S.C.

727(a)(5). The question of whether a debtor satisfactorily explains a loss of assets is a question of fact. *In re Chalik,* 748 F.2d 616, 619 (11th Cir. 1984). The creditor or plaintiff has the initial burden of proving that the debtor, at one time, owned substantial and identifiable assets that are no longer available for her creditors. *In re Gonzalez,* 302 B.R. 745, 755 (Bankr. S.D.Fla. 2003). Once the plaintiff has established that a loss of assets has occurred, the burden then shifts to the debtor to provide a satisfactory explanation for the loss. *Id.*

The plaintiff contends that the defendant should be denied a discharge because she failed to provide adequate documentation to account for the loss of assets pertaining to the sale proceeds from the engagement ring. The Court finds that the plaintiff has failed to identify any assets, the loss of which the defendant has failed to explain. The Court is satisfied as to the explanation of the loss of sale proceeds from the engagement ring and the defendant's other assets, by way of documentation and testimony regarding her life circumstances at the time of the transactions. The plaintiff has failed to carry her burden of proof, by a preponderance of the evidence, that the defendant owned assets whose loss she has failed to adequately explain. *Grogan v. Garner,* 498 U.S. 279, 286 (1991). As such, the plaintiff has failed to establish any basis for the denial of the defendant's discharge.

Pursuant to Bankruptcy Rule 7054(a), the Court shall enter a Judgment granting a Discharge of Debtor in favor of defendant Brittan M. Moore.

###

**Copies to:**

The Clerk of Court is directed to provide
a copy of this Opinion to all parties of record.